UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES A. HAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-0807 WL |
| ) | |
| JAMES S. WYNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*OPINION AND ORDER*

James Hay, a prisoner confined at the Westville Correctional Facility submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights by increasing his security classification because of an old sexual misconduct conviction. Mr. Hay asks the court to enter injunctive relief mandating the defendants to place him in level one classification, remove restrictions on visitation, and restore his privilege to apply for work release.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards

> than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hay brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Hay alleges that he was convicted of sexual misconduct with a minor thirteen years ago. He states that the girl he was involved with lied about her age. Mr. Hay is now serving time on another offense, and IDOC officials have classified him as a sex offender, have restricted his visitation to persons over eighteen years of age, and will not allow him to apply for work release.

Mr. Hay asserts that the defendants' actions violate the Eighth Amendment's cruel and unusual punishments clause. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Deprivation of visitation and denial of access to work release are not the sort of conditions that violate the Eighth Amendment; if they are anything, they are due process claims arising under the Fourteenth Amendment.

Mr. Hay essentially asserts that he wishes to have visits from his minor children and to apply for work release but is unable to do so because the defendants are using his old conviction for sexual misconduct with a minor against him. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law." Thus, analysis of a due process claim begins with determining whether the plaintiff has a liberty or property interest with which the state has interfered. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Only if the plaintiff has a liberty or property interest does the court move to the second step and examine whether the procedures used to deprive him of that interest were constitutionally sufficient. *Id.*

There is no constitutional liberty or property interest in participation in a work release program. *See DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments.").

3

"*Joihner v. McEvers*, 898 F.2d 569 (7th Cir. 1990), concluded that the opportunity to be assigned to a work camp in Illinois (a cousin to work release) creates neither a liberty nor a property interest, so that the due process clause of the fourteenth amendment does not apply." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). To the extent prisoners have a federally protectable interest in work release it is created by state law.

This court has previously reviewed Indiana's work release statute, and concluded that, "the Indiana work release scheme does not create a protectible entitlement." *Young v. Hunt*, 507 F. Supp. 785, 789 (N.D.Ind. 1981) ("That the state hold out the possibility of work release provides no more than a mere hope that it will be obtained.") Though *Young* addresses the state work release program (re-codified as IND. CODE 11-10-8 *et seq.*) rather than county work release programs (IND. CODE 11-12 *et seq.*), the analysis is the same.

Prison inmates also have no independent constitutional right to visitation or to particular forms of visitation, *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989);*Smith v. Shettle*, 946 F.2d 1250 (7th Cir. 1991), and prison officials have considerable discretion in determining the time, place, duration, and conditions of visitation. *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). In an objective sense, denying Mr. Hay the right to receive visits from his own minor children because of an old conviction where the girl he was involved with lied about her age may serve no useful purpose. But the conditions and terms of visitation Mr. Hay describes in his complaint fall within the discretion the Constitution affords to prison officials, and this court lacks the authority to direct them to allow contact visitation with his children.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b).

SO ORDERED.

ENTERED: May 24 , 2007

                                          s/William C. Lee
                                          William C.  Lee, Judge
                                          United States District Court